COPY

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Susan Rabin, SBN: 122837
    E-mail: srabin@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 115
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

FILED
CLERK, U.S. DISTRICT COURT

JAN 1 4 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                                   DEPUTY

Attorneys for Plaintiff
YOUR BABY CAN, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUR BABY CAN, LLC, a California Limited Liability Company,<br><br>       Plaintiff,<br><br>    vs.<br><br>VAL-YOU CARD, a Business Entity of Unknown Status, and Does 1-10, Inclusive,<br><br>       Defendants. | Case No. **CV 10 - 00291-CBM (AJWx)**<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT [15 *U.S.C.* § 1114/*Lanham Act* §43(a)]**<br>(2) **FEDERAL COPYRIGHT INFRINGEMENT [17 *U.S.C.* §501(a)];**<br>(3) **FALSE DESIGNATION OF ORIGIN [15 *U.S.C.* §1125(a)];**<br>(4) **TRADEMARK DILUTION [15 *U.S.C.* §1125(c)];**<br>(5) **UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS*** |

*CODE* §17200];
**(6) DECLARATORY RELIEF;**
**(7) ACCOUNTING; and**
**(8) UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff YOUR BABY CAN, LLC (hereinafter "Plaintiff"), to hereby file its Complaint against VAL-YOU CARD, and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1.    Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a California Limited Liability Company, duly authorized and licensed to conduct business in California, with its principal place of business in California.

2.    Plaintiff is informed and believes that VAL-YOU CARD, is now, and was at the time of the filing of this Complaint and at all intervening times, a business entity of unknown status with its principal place of business located at Post Office Box 3238, Idaho Falls, Idaho 83403.

3.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff.

4.    Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

5.    Plaintiff further alleges that VAL-YOU CARD, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

1      6.      Plaintiff is informed and believes and thereon alleges that at all times
2    mentioned herein VAL-YOU CARD, and Does 1-10, inclusive, and each of them,
3    were the agents, servants and employees of every other Defendant and the acts of
4    each Defendant, as alleged herein, were performed within the course and scope of
5    that agency, service or employment.

6                         **JURISDICTIONAL ALLEGATIONS**

7      7.      This Court has Federal subject matter jurisdiction over this matter
8    pursuant to 28 *U.S.C.* §§1331 and 1338(a) and (b), by virtue of 15 *U.S.C.* §1051 *et*
9    *seq.,* in that the case arises out of §43(a) of the *Lanham Act* for trademark
10   infringement, copyright infringement pursuant to 17 U.S.C. §501(a), and
11   supplemental jurisdiction under 28 *U.S.C.* §§1367(a) and 1338 (a)(b).

12     8.      Venue is proper, *inter alia*, under 28 *U.S.C.* §1391(b) because on
13   information and belief, a substantial part of the events or omissions giving rise to
14   the claim occurred in this judicial district.

15     9.      Personal jurisdiction exists over Defendants because on information
16   and belief, Defendants conduct business in California and in this judicial district,
17   or otherwise avail themselves of the privileges and protections of the laws of the
18   State of California, such that this Court's assertion of jurisdiction over Defendants
19   does not offend traditional notions of fair play and due process.

20                          **GENERAL ALLEGATIONS**

21     10.     Plaintiff is the developer and distributor of programs for early
22   reading and other skills development for children.  The programs are known as the
23   "Your Baby Can" series, and are intellectual properties protected under United
24   States and international copyright and trademark law and other legal theories.
25   "Your Baby Can" is a recognized trademark which includes a number of
26   variations and designs under individual titles (hereinafter the "Mark").

27     11.     Two of Plaintiff's most popular and recognized versions of the Mark
28   have been in active and continuous use for a number of years.  Plaintiff has used

1   the trademark, "Your Baby Can Read!" since October 14, 1996, and in commerce
2   since January 21, 1997.  Plaintiff has been using the trademark, "Your Baby Can
3   Learn!" since January 18, 2007, and in commerce since January 18, 2007.

4       12.   Plaintiff owns the following trademarks which are registered on the
5   Principal Register at the USPTO: "Your Baby Can Read!" - U.S. Reg. No.
6   2282427 (registered October 5, 1999; acceptance of Section 8 Filing of
7   Continuous Use and Renewal September 24, 2009), "Your Baby Can Think!" –
8   U.S. Reg. No. 2319280 (registered February 15, 2000), and, "Your Baby Can
9   Learn!" - U.S. Reg. No. 3447584 (registered June 17, 2008).  Applications are
10  pending at the USPTO for the following trademarks:  "Your Baby Can," Ser. No.
11  77565162, "Your Baby Can," Ser. No. 77565164, "Your Baby Can," Ser. No.
12  77757162, and, "Su Bebé Puede," Ser. No. 77769107.  Copies of the registration
13  certificates and reports are attached herewith as Exhibits "A," "B," "C," "D," "E,"
14  "F," and "G," respectively.

15      13.   Plaintiff also owns registered trademarks in the following foreign
16  countries or territories:   European Community, Reg. No. 008144008 (Docket
17  YBC-401/CTA – registered October 7, 2009; Mexico; and the United Kingdom.

18      14.   Plaintiff owns copyrights in its original visual and textual intellectual
19  properties, and logo designs (hereinafter the "Copyrighted Properties") under
20  United States Copyright Law and relevant international treaties.

21      Plaintiff has registered with the United States Copyright Office (the
22  "Copyright Office") the visual material for "Your Baby Can Read! Word Cards 82
23  Cards," Certificate of Registration No. VA 1-666-468, (effective date May 27,
24  2009).  A copy of the registration certificate is attached herewith as Exhibit "H."

25      15.   Plaintiff owns an additional United States copyright registration by
26  assignment for "Your Baby Can Read & 15 Other Titles," No. V3556D580,
27  assignment dated September 20, 2007.  A data report from the Copyright Office is
28  attached herewith as Exhibit "I."

16.   Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its Mark and Copyrighted Properties. Plaintiff has spent over Thirty-Two Million Dollars ($32,000,000.00) to air its television infomercials, and over Five Million Dollars ($5,000,000.00) on print, radio, and internet advertising. Thousands of TV Infomercials have aired since April 14, 2008, in short-form since May, 2009, and on radio since summer, 2009.

17. According to Infomercial Monitoring Service, Inc. (IMS), a monitor of national broadcast, cable and satellite television for the direct response television industry, Plaintiff's infomercials have consistently been ranked at or near the top of the IMS Top 25 list, numerous consecutive weeks in a row. Another monitoring service of Jordan Whitney, Inc. has similarly ranked Plaintiff's infomercials near or at the top of its Top 60 Infomercials list.

18.   Through the extensive use of it Mark and Copyrighted Properties, Plaintiff has built up and developed significant goodwill in the Mark.  A wide array of newspapers, magazines and television networks (including *Parent & Child Magazine, Dearborn Press & Guide, Parenting Magazine, Early Years, Examiner.com, Prevention Magazine, Toddler Magazine, Parenting Magazine, School Years, Fit Pregnancy, Baby Talk, Pregnancy Magazine, and California Chronicle,* have featured stories in which prominent teachers, educators, doctors, and parents have enthusiastically described their success with the "Your Baby Can" products and services.

19.   Defendants use, amongst other things, the Internet auction website known as eBay to sell and distribute products, including pirated CD's, DVD's, books, flash cards, manuals, and other original materials which accompany Plaintiff's legitimate distribution of products to consumers.  At any given time, there are millions of items listed on eBay for bid or purchase by its more than one million registered users.  Buyers have the option to purchase items in an auction-style format where users bid on products or items can be purchased at a fixed

1   price through a feature referred to as "Buy It Now." Using another eBay feature
2   referred to as "Feedback," users who have made a purchase on eBay are given the
3   opportunity to post positive, neutral or negative reviews in relation to their buying
4   experience. While feedback can give some indication of sales volume, actual
5   sales may far exceed the number of feedback entries a seller receives.

6       20.   On December 22, 2009, in its ongoing investigation of counterfeit
7   sales of the "Your Baby Can" products, Plaintiff purchased a counterfeit "YOUR
8   BABY CAN READ DVD SET WITH CARDS" set from Defendants, for a cost of
9   $83.00 charged to the PayPal electronic payment account of Plaintiff's
10  investigator. A true and correct copy of the website purchase receipt is attached
11  hereto as Exhibit "J."

12      21.   The product purchased from Defendants was inspected by Plaintiff to
13  determine authenticity. Plaintiff's inspection of the purchased item using security
14  measures confirmed that the item Defendants sold to the investigator was in fact a
15  counterfeit "Your Baby Can" product.

16      22.   Defendants use images confusingly similar or identical to Plaintiff's
17  trademarks, to confuse consumers and aid in the promotion and sales of its
18  unauthorized product. Defendants' use of Plaintiff's trademarks include
19  importing, advertising, displaying, distributing, selling and/or offering to sell
20  unauthorized copies of Plaintiff's "Your Baby Can" products. Defendants' use
21  began long after Plaintiff's adoption and use of its Mark, and after Plaintiff
22  obtained the copyright and trademark registrations asserted above. Neither
23  Plaintiff nor any authorized agents have consented to Defendants' use of
24  Plaintiff's Mark or Copyrighted Properties.

25      23.   Defendants' actions have confused and deceived, or threatened to
26  confuse and deceive, the consuming public concerning the source and sponsorship
27  of the unauthorized copies of Plaintiff's "Your Baby Can" products, sold and
28  distributed by Defendants. By its wrongful conduct, Defendants have traded upon

1    and seriously diminished Plaintiff's goodwill. Furthermore, the sale and

2    distribution of counterfeit goods by Defendants has egregiously infringed upon

3    Plaintiff's federally registered and protected trademarks and copyrights.

### FIRST CAUSE OF ACTION

**(Federal Trademark Infringement Against VAL-YOU CARD, and Does 1-10,**

**Inclusive)**

**[15 *U.S.C.* §1114/*Lanham Act* §43(a)]**

8    24.   Plaintiff repeats and re-alleges every allegation set forth in

9    Paragraphs 1-23.

10   25.   Defendants are actually aware that Plaintiff is the registered

11   trademark holder of the Mark and designs.

12   26.   Defendants did not and failed to obtain the consent or authorization

13   of Plaintiff to commercially distribute and Market products bearing the Plaintiff's

14   Mark into the stream of commerce.

15   27.   Defendants intentionally and knowingly used in commerce the

16   reproduction, counterfeit, copy, and/ or colorable imitation of Plaintiff's registered

17   Mark in connection with the sale, offering for sale, distribution, or advertising of

18   Plaintiff's goods by offering, advertising, promoting, retailing, selling, and

19   distributing counterfeit Products bearing Plaintiff's trade name and Mark.

20   28.   Defendants reproduced, counterfeited, copied, and colorably imitated

21   Plaintiff's registered Mark and applied such reproduction, counterfeit, copy, or

22   colorable imitation to labels, signs, prints, packages, wrappers, receptacles and/or

23   advertisements intended to be used in commerce upon or in connection with the

24   sale, offering for sale, distribution, and/or advertising of goods. Defendants

25   thereupon offered, advertised, promoted, retailed, sold, and distributed through an

26   online auction known as eBay, counterfeit Products bearing Plaintiff's trade name

27   and Mark.

28   / / /

29.   Defendants egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's Mark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believe that the items are authentic Products manufactured by Plaintiff.

30.   Defendants continued and knowing use of Plaintiff's trade name and Mark without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.

## SECOND CAUSE OF ACTION

**(Federal Copyright Infringement Against VAL-YOU CARD, and Does 1-10, Inclusive)**

**[17 *U.S.C.* §501(a)]**

31.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-30.

32.   Plaintiff is the exclusive owner of the copyright in its original designs and logos and original visual and textual properties and possesses copyright registrations of these Copyrighted Properties with the Copyright Office.

33.   Defendants have actual notice of Plaintiff's exclusive copyright rights in the Copyrighted Properties.

34.   Plaintiff's trademark registrations on the Principal Register of the United States Patent and Trademark Office further provide constructive notice of Plaintiff's ownership rights in the Copyrighted Properties.

35.   Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, commercially distribute and Market in commerce or otherwise the Copyrighted Properties.

36.   Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and manufactured colorable imitations of the designs by offering, advertising, promoting, retailing, selling, and

1  distributing counterfeit Products containing the Copyrighted Properties.

2       37.   Defendants intentionally and willfully applied their infringing uses of
3  the designs to labels, signs, printed notices, packaging, wrappers, receptacles and
4  advertisements in connection with the fraudulent sale, offering for sale,
5  distribution, or advertising of Defendants' goods and represented that the goods
6  were authentic products of Plaintiff's. Defendants thereupon widely, publicly,
7  and continuously offered, advertised, promoted, retailed, sold, and distributed
8  counterfeit Products containing the Copyrighted Properties through the
9  internationally and prominently recognized online auction known as eBay.

10      38.   Defendants continue its infringement of the designs in blatant
11 disregard of Plaintiff's protected rights.

## THIRD CAUSE OF ACTION

### (False Designation of Origin & Unfair Competition Against VAL-YOU
### CARD, and Does 1-10, Inclusive)

### [15 *U.S.C.* §1125(a)]

16      39.   Plaintiff repeats and re-alleges every allegation set forth in
17 Paragraphs 1-38.

18      40.   Defendants' conduct described above violate the *Lanham Act*, have
19 unfairly competed with and injured and, unless immediately restrained, will
20 continue to injure Plaintiff, causing damage to Plaintiff in an amount to be
21 determined at trial, and will cause irreparable injury to Plaintiff's goodwill and
22 reputation associated with the value of Plaintiff's Mark.

23      41.   Defendants have the legal obligation and responsibility to conduct a
24 search before utilizing a trademark so as not to confuse or deceive consumers as to
25 the origin of its name and Mark.

26      42.   Plaintiff's Mark is distinctive in the states in which trademark
27 registration was obtained by virtue of its substantial inherent and acquired
28 distinctiveness, extensive use in each state in which registration was obtained, and

1 | the extensive advertising and publicity of the Mark.

2 |     43.   Defendants' intentional use and sale of fake, pirated and counterfeit

3 | items bearing Plaintiff's trademark unfairly competes with Plaintiff and is likely

4 | to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers

5 | to believe that the substandard imitations are genuine Products.

6 |     44.   Defendants' continuing and knowing use of Plaintiff's Mark

7 | constitutes willful infringement, false designation of origin and unfair competition

8 | in violation of Section 43(a) of the *Lanham Act*, 15 *U.S.C.* §1125(a).

9 | **FOURTH CAUSE OF ACTION**

10 | **(Dilution by Tarnishment Against VAL-YOU CARD, and Does 1-10,**

11 | **Inclusive)**

12 | **[15 U.S.C. §1125(c) ]**

13 |     45.   Plaintiff repeats and re-alleges every allegation set forth in

14 | Paragraphs 1-44.

15 |     46.   Plaintiff's Mark is "famous" within the meaning of the *Lanham Act*

16 | and is distinctive in the states in which trademark registration was obtained by

17 | virtue of the substantial inherent and acquired distinctiveness of the Mark, the

18 | extensive use in the relevant states, and the wide advertising and publicity of

19 | Plaintiff's goods bearing the Mark.

20 |     47.   As a result of the substantial inherent and acquired distinctiveness in

21 | Plaintiff's Mark, extensive use in the states in which registration was obtained,

22 | and the wide advertising and publicity of the Mark, Plaintiff's Mark has become

23 | strong and is widely identified and respected.

24 |     48.   Upon information and belief, Defendants' unlawful actions began

25 | long after Plaintiff's Mark became famous, and Defendants acted knowingly,

26 | deliberately and willfully with the intent to trade on Plaintiff's reputation and to

27 | dilute Plaintiff's Mark. Defendants' conduct is willful, wanton and egregious.

28 | / / /

49.   The actions of Defendants complained of herein are likely to injure the business reputation of Plaintiff and its Mark.

50.   Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's Mark unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine Products.

51.   Defendants' unauthorized and counterfeit use of Plaintiff's famous Mark has diluted and will continue to dilute and tarnish Plaintiff's name and Mark, and is likely to detract from the distinctiveness of Plaintiff's Mark.

52.   Defendants' conduct is intended to trade on Plaintiff's reputation and goodwill and the quality and high standards of Plaintiff's products.  Defendants' failure to meet Plaintiff's strict regulations of quality and design will mar the perception among consumers regarding Plaintiff's products, will tarnish and dilute the strength and value of Plaintiff's Mark, and will saturate the Market with substandard and counterfeit merchandise.

53.   Defendants' intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believe that the items are authentic Products manufactured by Plaintiff.

54.   Defendants' continuing and knowing use of Mark constitutes intentional infringement of Plaintiff's common law trademarks in violation of 15 U.S.C. §1125(c).

55.   Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

**(Unlawful, Unfair, Fraudulent Business Practices Against VAL-YOU CARD,**
**and Does 1-10, Inclusive)**

*[California Business & Professions Code §17200 et seq.]*

56.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-55.

57.     Plaintiff has suffered, and continues to suffer, actual injury in fact due to the deliberate acts of infringement by Defendants without regard to Plaintiff's legal, contractual, and exclusive proprietary rights.

58.     Defendants' acts and practices as detailed above constitute acts of unlawful, unfair or fraudulent business acts and practices within the meaning of *California Business & Professions Code* §17200.

59.     Defendants have engaged in transactions that are in violation of numerous provisions of California law.  Strict liability may be applied even if Defendants' acts have violated only one of the three provisions set forth above.

60.     Pursuant to *California Business & Professions Code* §17203, Plaintiff seeks an order from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering that Defendants perform their obligations under the law and cancel any illegal obligations.

61.     Plaintiff additionally requests an order from this Court requiring that Defendants make restitution of profits and return or pay to Plaintiff all of Defendants' ill-gotten gains obtained from the illegal transactions, and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or, as equity requires.

62.     Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

1

## SIXTH CAUSE OF ACTION

2 **(For Declaratory Relief Against VAL-YOU CARD, and Does 1-10, Inclusive)**

3      63.   Plaintiff repeats and re-alleges every allegation set forth in
4 Paragraphs 1-62.

5      64.   Plaintiff is the exclusive owner of the Copyrighted Properties, and
6 any and all derivative works or colorable imitations, and has the exclusive rights
7 under the Copyright Act to distribute, reproduce, publicly perform, display and
8 license its intellectual properties. Therefore, Defendants' claims to any licensing,
9 contractual, assignment or other right, title, or interest in and to the Mark, the
10 Copyrighted Properties, and any and all derivative works or colorable imitations
11 should be declared legally void.

12      65.   Plaintiff is the exclusive owner of the Mark and has the exclusive
13 rights under the *Lanham Act* and other pertinent statutes to deal in commerce for
14 its goods and services under the Mark. Defendants' intentional sale of pirated
15 products, distribution of infringing products, and advertising and publicity for
16 same bearing Plaintiff's Mark unfairly competes with Plaintiff and has caused or
17 is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud
18 consumers.

19      66.   Plaintiff desires a judicial determination, pursuant to 28 *U.S.C.* §
20 2201, that it is the sole owner of the Copyrighted Properties and any and all
21 derivative works or colorable imitations, and is the sole owner of the Mark, that
22 Defendants have no rights to possess or exploit these protected intellectual
23 properties without the express authorization of Plaintiff, and that any claims to the
24 contrary are of no legal effect.

25

## SEVENTH CAUSE OF ACTION

26 **(For Accounting Against VAL-YOU CARD, and Does 1-10, Inclusive)**

27      67.   Plaintiff repeats and re-alleges every allegation set forth in
28 Paragraphs 1-66.

68.   Plaintiff is the exclusive owner of the Copyrighted Properties, and any and all derivative works or colorable imitations and has the exclusive rights under the Copyright Act to distribute, reproduce, publicly perform, display and license these protected intellectual properties.  Therefore, Defendants' claims to any licensing, contractual or other right, title, or interest in and to the Copyrighted Properties, and any and all derivative works or colorable imitations should be declared legally void.

69.   Plaintiff is the exclusive owner of the Mark and has the exclusive rights under the *Lanham Act* and other pertinent statutes to deal in commerce for its goods and services under the Mark.  Therefore, Defendants' claims to any licensing, contractual or other right, title, or interest in and to the Mark should be declared legally void.

70.   There is a substantial risk that there will be multiplicity of judicial proceedings unless Defendants, and each of them, and all persons claiming under them, are required to account to Plaintiff for the revenues, advances and royalties relating to the production, marketing, promotion, distribution, sale, release, showing, licensing, broadcast and assignment of its counterfeit goods which infringe Plaintiff's Copyrighted Properties and Mark.

71.   Therefore, Plaintiff requests an order from the Court compelling Defendants, and each of them, to account for all expenses and costs relating to the production, Marketing, promotion, distribution, sale, release, showing, licensing, broadcasting and assignment of its counterfeit goods which infringe Plaintiff's Copyrighted Properties and Mark, and the revenues, advances and royalties generated from the production, marketing, promotion, distribution, sale, release, showing, licensing, broadcasting and assignment of Plaintiff's protected intellectual properties.

/ / /

/ / /

1

## EIGHTH CAUSE OF ACTION

2

### (Unjust Enrichment Against VAL-YOU CARD, and Does 1-10, Inclusive)

3       72.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs

4   1-71.

5       73.    By virtue of the egregious and illegal acts of Defendants as described

6   above, Defendants have been unjustly enriched in an amount to proven at trial.

7       74.    Defendants' retention of monies gained through its deceptive

8   business practices, infringements, acts of counterfeit and otherwise would serve to

9   unjustly enrich Defendants and would be contrary to the interests of justice.

10       **WHEREFORE**, Plaintiff YOUR BABY CAN, LLC, prays for judgment

11   against Defendant VAL-YOU CARD, and Does 1-10, inclusive, and each of them,

12   as follows:

13       A. For damages in an amount to be proven at trial for trademark

14           infringement under 15 *U.S.C.* §1114/Lanham Act §43(a);

15       B. For damages in an amount to be proven at trial for copyright

16           infringement under 17 *U.S.C.* §501(a);

17       C. For damages in an amount to be proven at trial for false designation of

18           origin under 15 *U.S.C.* §1125(a);

19       D. For damages in an amount to be proven at trial for trademark dilution

20           under 15 *U.S.C.* §1125(c);

21       E. For damages to be proven at trial for common law unfair competition.

22       F. For restitution in an amount to be proven at trial for unfair, fraudulent

23           and illegal business practices under *Business and Professions Code*

24           §17200;

25       G. For disgorgement of Defendants' profits under 15 *U.S.C.* §1117(a);

26       H. For an injunction by this Court prohibiting Defendants from engaging or

27           continuing to engage in the unlawful, unfair, or fraudulent business acts

28           or practices described herein;

I. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

J. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

K. For destruction of the infringing articles in Defendants' possession under 15 *U.S.C.* §1118;

L. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 *U.S.C.* §1117(b);

M. For damages in an amount to be proven at trial for unjust enrichment.

N. For Plaintiff's reasonable attorney's fees;

O. For all costs of suit; and

P. For such other and further relief as the Court may deem just and equitable.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff YOUR BABY CAN, LLC, respectfully demands a trial by jury in

3   this action.

4

5   DATED: January 12, 2010                    JOHNSON & PHAM, LLP

6

7

8                                               By: _____
                                                    Christopher D. Johnson, Esq.
9                                                   Christopher Q. Pham, Esq.
                                                    Marcus F. Chaney, Esq.
10                                                  Susan Rabin, Esq.
                                                    Attorneys for Plaintiff
11                                                  YOUR BABY CAN, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28